UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 4:25-cv-00692

———

**Howard Lawrence Ellsworth III et al.,**
*Plaintiffs,*

v.

**Allan Marx et al.,**
*Defendants.*

———

**ORDER**

On July 1, 2025, plaintiffs Howard and Theresa Ellsworth filed the instant action against defendants alleging constitutional claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Federal Tort Claims Act (FTCA), and 42 U.S.C. § 1985(3) for conspiracy to violate plaintiffs' constitutional rights. Doc. 1. Plaintiffs, proceeding pro se, requested to proceed in forma pauperis. Doc. 3. On July 9, 2025, the magistrate judge, after screening the complaint under 28 U.S.C. § 1915(e)(2), issued a report and recommendation that plaintiffs' claims be dismissed with prejudice. Doc. 6 at 17. Specifically, the court recommended that:

- Plaintiffs' FTCA claims be dismissed as barred by res judicata;

- Plaintiffs' *Bivens* and § 1985(3) claims be dismissed for failure to state a claim upon which relief may be granted; and

- Plaintiffs' motion for a temporary restraining order be denied.

*Id.* at 10, 15–17. On July 23, 2025, plaintiffs filed timely objections to the report and recommendation. Doc. 7; *see U.S. Bank Trust N.A. v. Walden*, 124 F.4th 314, 320 (5th Cir. 2024) ("Under Federal Rule of Civil Procedure 72, a party has 14 days to file objections to the proposed findings and recommendations of the

magistrate judge."). For the reasons stated herein, the court accepts the magistrate judge's report and recommendation and overrules plaintiffs' objections.

The court reviews objected-to portions of a report and recommendation de novo—examining the entire record and making an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiffs object on four grounds: (1) res judicata does not apply to their distinct constitutional claims, (2) the Department of Justice acknowledged *Bivens* relief was not available in the plaintiffs' prior action, (3) the present action seeks redress for constitutional violations, not medical negligence, and (4) plaintiffs are left without a legal remedy if the *Bivens* claims are dismissed. Doc. 7 at 3–4. The first three objections will be discussed together, as they all relate to the application of res judicata in the present action. The remaining objection will be addressed in turn.

Res judicata "bars re-litigation of claims that actually were or should have been made earlier." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). The doctrine "has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2001). Plaintiffs' objection that res judicata does not apply to their constitutional claims misses the mark. The magistrate judge did not recommend dismissal of the constitutional claims under the doctrine of res judicata. Rather, the report only recommended the dismissal of FTCA claims against the United States or individuals in their official capacity. Doc. 6 at 9–10 ("Plaintiff's FTCA claims against the United States should be dismissed as barred by res judicata.") ("these claims . . . against the United States—or individuals in their official capacities—. . . are barred by res

judicata"). These claims are barred due to the plaintiffs' prior action—*Ellsworth III et al. v. Dall. Tex. Dep't of Veteran Affs. et al.*, No. 4:23-cv-00710-SDJ-AGD (E.D. Tex. Mar. 28, 2025). Doc. 6 at 9. Plaintiffs' first objection is no objection at all, because it objects to a conclusion the magistrate judge failed to reach. Likewise, plaintiffs' second objection fails. *Bivens* relief is not being denied under res judicata; FTCA claims asserted against the United States and individuals in their official capacity are the only claims barred. Doc. 6 at 9–10. Plaintiffs' third objection expressly disclaims relief for medical negligence under the FTCA. Doc. 7 at 3 ("This Case Seeks Redress for Constitutional Violations, Not Medical Negligence"). To the extent plaintiffs did not seek to waive these claims, they remain barred by res judicata for the reasons stated in the report and recommendation. Doc. 6 at 6–10.

Plaintiffs further object that they are left without a legal remedy if the *Bivens* claims are dismissed. Doc. 7 at 4. Plaintiffs' failure to assert *Bivens* claims in prior FTCA actions, discussed above, is immaterial to the present case. The court analyzes *Bivens* claims in two steps: (1) whether the claim presents a new context and (2) whether special factors indicate the judiciary is arguably less equipped than Congress to allow a damages action to proceed. *Hernandez v. Causey*, 124 F.4th 325, 332 (5th Cir. 2024). The magistrate judge's report recommended that the plaintiffs' *Bivens* claims should be dismissed with prejudice for failure to state a claim. Doc. 6 at 15. Plaintiffs' objections emphasize that plaintiffs are seeking redress for violations of the First, Fourth, and Fifth Amendments. Doc. 7 at 4. The magistrate judge addressed the context of each claim. Doc. 6 at 10–14. The court agrees with the report and recommendation. Each context presented by plaintiffs is "new." Plaintiffs do not object to this finding or suggest that the recognized *Bivens* trilogy of cases subsumes their claims. Instead, plaintiffs cite *Davis v. Passman*, 442 U.S. 228, 245 (1979) to argue that fairness and a "core tenet of American jurisprudence" requires the court to extend *Bivens* to cover their claims. Doc. 7 at 5. The court disagrees.

Plaintiffs assert a Department of Veterans' Affair's (VA) official violated: (1) their Fourth Amendment rights by issuing a criminal trespass warning, (2) their Fifth Amendment due process rights by denying them a right to submit "VA misconduct" documents, and (3) their First Amendment rights by retaliating for a strongly worded email that plaintiffs claim was not a written threat. Doc. 6 at 3–4. Each claim is meaningfully different from the three existing Supreme Court cases recognizing a *Bivens* claim. *See Bivens*, 403 U.S. at 397 (holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages); *Davis*, 442 U.S. at 248 (recognizing a claim for sex discrimination brought by a congressional staff member); *Carlson v. Green*, 446 U.S. 14, 18–21 (1980) (recognizing a claim of failure to provide medical care to a prisoner in federal custody). Plaintiffs do not object that the asserted claims are meaningfully different than each of these three cases.

Rather, plaintiffs appear to object that the report and recommendation did not engage in the "disfavored judicial activity" of recognizing a *Bivens* action in a new context based upon special factors. Doc. 7 at 5 ("Denying Plaintiffs a forum to pursue damages for constitutional misconduct by federal officers would violate this core tenet of American jurisprudence and reward federal employees for retaliatory abuse under color of law, unchecked by accountability."); *contra Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) ("Given the notable change in the Court's approach to recognizing implied causes of action, however, the Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity.") (quotation marks omitted). Plaintiffs suggest that asserting FTCA claims somehow precluded their ability to bring *Bivens* claims, thus, precluding their ability to recover damages for the alleged wrongs. Doc. 7 at 4. This is not so. Plaintiffs were free to assert *Bivens* claims in their prior action. Their failure to assert these claims earlier bears no weight on whether they state a claim upon which relief may be granted in the present action.

Moreover, the FTCA provides recovery for the alleged wrongs if administrative remedies are exhausted. The Fifth Circuit has previously denied extending *Bivens* to a claim based upon a physical altercation between a plaintiff and the VA police, wherein the plaintiff was arrested at the VA hospital. *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). The court noted that plaintiffs wronged by VA officers, as alleged in the present action, must first proceed through the VA's administrative process. *Id.* at 444 (citing 28 U.S.C. § 2675 (conditioning the availability of an action for money damages against the United States on administrative exhaustion of the claim)). Though the FTCA does not cover constitutional claims, "[t]he Supreme Court has been clear that the alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would." *Id.* A narrower form of relief is "no reason to extend *Bivens*." Plaintiffs continue to pursue remedies under the FTCA in their other related actions. "With the FTCA, Congress waived the United States' sovereign immunity as to some claims and not others." *Id.* Congress's selective waiver is a compelling special factor. *Id.* Plaintiff objects to this finding as "contrary to the foundational principle" of our justice system: "where there is a legal right, there is also a legal remedy." Doc. 7 at 5 (citing *Marbury v. Madison*, 5 U.S. 137, 163 (1803)). This objection ignores recent precedent. Congress, not courts, creates legal rights and remedies. *Egbert v. Boule*, 596 U.S. 482, 486 (2022) ("prescribing a cause of action is a job for Congress, not the courts"). For these reasons, the court finds no basis to extend *Bivens* in this case. Thus, plaintiffs have failed to object substantively to the magistrate judge's report and recommendation. Further, having reviewed the report and recommendation and being satisfied it contains no error, the court adopts the magistrate judge's findings and recommendation and overrules plaintiffs' objections.

Plaintiffs did not object to the magistrate judge's recommendation that their § 1985 claim should be dismissed or to the recommendation that their request for a temporary restraining order be denied. When there have been no timely objections to a

magistrate judge's report and recommendation, the court reviews it only for clear error. *Douglass*, 79 F.3d at 1429. Having reviewed the magistrate judge's report and being satisfied it contains no clear error, the court accepts its findings and recommendation.

Plaintiffs' claims are dismissed with prejudice, and plaintiffs' emergency motion for a temporary restraining order (Doc. 4) is denied. Federal Rule of Civil Procedure 72(b)(3); *see also Welsh v. Cammack*, No. 23-10961, 2024 WL 3649583, at *6 (5th Cir. August 5, 2024) (affirming a dismissal with prejudice at the 28 U.S.C. § 1915(e)(2) screening stage). Any pending motions are denied as moot.

*So ordered by the court on August 19, 2025.*

J. CAMPBELL BARKER
United States District Judge