UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 4:25-cv-00692

———

**Howard Lawrence Ellsworth III et al.,**
*Plaintiffs,*

v.

**Allan Marx et al.,**
*Defendants.*

———

# ORDER

Plaintiffs filed this action against defendants, alleging constitutional claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Federal Tort Claims Act (FTCA), and 42 U.S.C. § 1985(3). Doc. 1 at 2. The magistrate judge screened the complaint under 28 U.S.C. § 1915(e)(2) and recommended that plaintiffs' claims be dismissed with prejudice. Doc. 6 at 17. The court accepted the findings of the magistrate judge and entered final judgment dismissing plaintiffs' claims with prejudice. Docs. 8, 9. Thereafter, plaintiffs filed a notice of appeal (Doc. 10) and a motion for leave to proceed in forma pauperis (IFP) on appeal (Doc. 12). The magistrate judge recommended that plaintiffs' motion for leave to proceed IFP on appeal be denied. Doc. 13. Plaintiffs filed objections to that report. Doc. 14.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). On de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th

Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass*, 79 F.3d 1415. Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Plaintiffs' objections to the report and recommendation raise arguments that were not set forth in their original motion presented to the magistrate judge. *Compare* Doc. 12 *with* Doc. 14. Instead, plaintiffs address the issue of whether the appeal is taken in good faith for the first time in their objections. *Id.* No compelling reason is stated for why these arguments are raised in the objections but not in the motion. Thus, the objections are improper and lack merit.

Having reviewed the report and recommendation de novo and finding no error, the court accepts the magistrate judge's recommendation. Plaintiffs' motion to proceed IFP on appeal (Doc. 12) is denied. The court certifies that the appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A). The clerk of court shall furnish a copy of this order to the U.S. Court of Appeals for the Fifth Circuit under Federal Rule of Appellate Procedure 24(a)(4). Plaintiffs may file a separate motion to proceed IFP on appeal with the clerk of court for the Fifth Circuit within thirty days of this order. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); Fed. R. App. P. 24(a)(5).

*So ordered by the court on October 28, 2025.*

J. CAMPBELL BARKER
United States District Judge